S. Amanda Marshall
Oregon Bar No. 953473
**S. AMANDA MARSHALL, LLC**
1318 NW Northrup Street
Portland, Oregon 97209
Phone: (503) 472-7190
*amanda@maclaw.law*

John P. Kristensen (*Pro Hac Vice*)
California Bar No. 224132
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 273-1230
*kristensen@cz.law*

***Attorneys for Plaintiffs, individually, and
on behalf of all others similarly situated***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

|  |  |
|---|---|
| ADALINE WINNIGHAM, individually and on behalf of all others similarly situated, | ) **Case No.: 6:22-cv-00382-MK** |
|  | ) |
|  | ) **COLLECTIVE ACTION** |
| Plaintiff, | ) |
|  | ) **PLAINTIFFS' MOTION FOR** |
| v. | ) **CONDITIONAL CERTIFICATION AND** |
|  | ) **ISSUANCE OF NOTICE PURSUANT TO** |
| RAFEAL'S GOURMET DINER, LLC dba | ) **FAIR LABOR STANDARDS ACT, 29** |
| THE NILE, an Oregon Limited Liability | ) **U.S.C. § 216(b)** |
| Company; ABDRABARRASOOL M. | ) |
| BUESSA, an individual; and DOES 1 | ) **REQUEST FOR ORAL ARGUMENT** |
| through 10, inclusive, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

# TABLE OF CONTENTS

COMPLIANCE WITH LOCAL RULE 7-1 .................................................................1

MOTION ....................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................1

    I.     INTRODUCTION .............................................................................1

    II.    RELEVANT FACTS AND ALLEGATIONS ....................................3

          A.    Similarly Situated Collective Members Exist through Defendants'
              Control of Dancers, Common Scheme of Misclassifying Dancers
              as Independent Contractors, and Defendants' Wage and Tip
              Policies .................................................................................4

    III.   DISTRICT AND CIRCUIT COURTS HAVE ROUTINELY HELD THAT EXOTIC
         DANCE CLUBS' SIMILAR ECONOMIC SCHEMES VIOLATE THE FLSA ...............5

    IV.   LEGAL STANDARD ...................................................................7

    V.    ARGUMENT ...............................................................................8

          A.    Plaintiffs Have Made Their Required Modest Factual Showing
              That Similarly Situated Collective Members Exist .................8

          B.    The Court Should Reject Arguments Regarding the Need for
              "Individualized Inquiries" as Premature at This Stage and, in Any
              Event, Incorrect ....................................................................9

          C.    The Court Should Approve Plaintiffs' Proposed Notice and Notice
              Process ................................................................................12

          D.    The Statute of Limitations Must Be Tolled During the Notice
              Period ..................................................................................13

          1.     *The FLSA Allows for Equitable Tolling* ................................13

          2.     *Equitable Tolling Is Necessary to Advance the Interests of Justice
              and the Public Policy Underlying the FLSA* .............................14

          3.     *The Court Should Equitably Toll the Statute of Limitations from
              the Date This Matter Is Conditionally Certified to the Time the
              Notice Period Ends* ...............................................................15

    VI.   CONCLUSION .........................................................................15

# TABLE OF AUTHORITIES

## Cases

*Adams v. Inter-Con Sec. Sys., Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007)..............................................................................7, 13

*Albanil v. Coast 2 Coast, Inc.*,
    No. 5-08-486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008)......................................11

*Ayala v. Antelope Valley Newspapers, Inc*.,
    59 Cal.4th 522 (2014) ....................................................................................................9

*Benedict v. Hewlett-Packard Co.*,
    No. 13-CV-00119-LHK, 2014 WL 587135 (N.D. Cal. Feb. 13, 2014)....................8, 11

*Berry v. Great American Dream, Inc*.,
    No. 1:13-CV-3297-TWT, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014) ......................5

*Carrillo v. Schneider Logistics, Inc.*,
    No. CV 11-8557 CAS (DTBx), 2012 WL 556309 (C. D. Cal. Jan. 31, 2012).............13

*Castle v. Wells Fargo Fin., Inc.*,
    2007 WL 1105118 (N.D. Cal. Apr. 10, 2007) ........................................................14, 15

*Clincy v. Galardi South Enter., Inc.*,
    808 F.Supp.2d 1326 (N.D. Ga. 2011) .............................................................................5

*Collins v. Barney's Barn*, *Inc*., *et al*.,
    2013 WL 11457080 (E.D. Ark. Nov. 14, 2013) .............................................................6

*Coppernoll v. Hamcor,Inc.*,
    No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017).......................15

*Curless v. Great Am. Real Food Fast*,
    280 F.R.D. 429 (S.D. Ill. Jan. 18, 2012) .......................................................................11

*D'Antuono v. C & G of Groton, Inc.*,
    No. 3:11cv33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011)............................9

*Dean v. 1715 Northside Drive, Inc.*,
    No. 1:14-CV-03775-CAP (N.D. Ga. Jan. 14, 2017).......................................................5

*Deatrick v. Securitas Sec. Servs. USA, Inc.*,
    No. 13-cv-05016-JST, 2014 WL 878203 (N.D. Cal. Oct. 20, 2014)............................13

*Degidio v. Crazy Horse Saloon & Rest., Inc.*,
No. 4:13-cv-02136-BHH, 2015 WL 5834280 (D.S.C. Sept. 30, 2015)..........................8

*Gardner v. Country Club, Inc.*,
2015 WL 7783556 (D.S.C. June 3, 2016)......................................................................6

*Gerlach v. Wells Fargo & Co.*,
No. C 05-0585 CW, 2006 WL 824652 (N.D. Cal. Mar.28, 2006) ...............................12

*Gilbo v. Agment, LLC*,
2020 WL 759548, Case No. 19cv0767 (N.D. Ohio Feb. 14, 2020) ...............................5

*Green v. Plantation of Louisiana, LLC*,
No. 2:10-0364, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) ......................................9

*Green v. Plantation of Louisiana, LLC*,
No. 2:10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010)......................................9

*Harrell v. Diamond A Entm't, Inc.*,
992 F.Supp. 1343 (M.D. Fla. 1997) ..............................................................................5

*Hart v. Rick's Cabaret Int'l, Inc.*,
967 F.Supp.2d 901 (S.D.N.Y. 2013)..............................................................................6

*Hernandez v. NGM Mgmt. Grp. LLC*,
No. 12 Civ. 7795(RWS), 2013 WL 5303766 (S.D.N.Y. Sep. 20, 2013)......................13

*Hill v. R+L Carriers, Inc.*,
690 F.Supp.2d 1001 (N.D. Cal. 2010) ..........................................................................2

*Hoffmann–La Roche Inc. v. Sperling*,
493 U.S. 165 (1989)..................................................................................................7, 13

*Holmberg v. Ambrecht*,
327 U.S. 392 (1946)......................................................................................................14

*Hughes v. S.A.W. Entm't, Ltd.*,
No. 16-cv-03371-LB, 2019 WL 3979592 (N.D. Cal. Aug. 23, 2019)..........................15

*Hurst v. Youngelson*,
354 F.Supp.3d 1362 (N.D. GA 2019)............................................................................5

*In re Penthouse Executive Club Comp. Litig.*,
No. 10 Civ. 1145(NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ........................9

*Johnson v. Serenity Transportation*,

No. 15-cv-02004-JSC, 2016 WL 1569984 (N.D. Cal. Apr. 19, 2016) ..........................14

*Jones v. JGC Dallas LLC*,
No. 3:11-CV-2743-O, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012) ..........................8

*Jones v. JGC Dallas LLC*,
No. 3:11-CV-2743-O, 2013 WL 271665 (N.D. Tex. Jan.23, 2013) ...............................9

*Kesley v. Entm't U.S.A. Inc.*,
67 F. Supp. 3d 1061 (D. Ariz. 2014) ....................................................................2, 7, 8

*Kimbrel v. DEA Corp.* ,
2016 WL 7799340 (E.D. Tenn. August 2, 2016) ............................................................7

*Lester v. Agment, LLC*,
2016 WL 1588654, case no. 15cv886 (N.D. Ohio, April 20, 2016) ..............................5

*Leuthold v. Destination Am., Inc.*,
224 F.R.D. 462 (N.D. Cal. 2004) ....................................................................................7

*Levi v. Gulliver's Tavern, Incorporated*,
No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) .................................6

*Lew v. Countrywide Fin. Corp.*,
No. C08-1993 SC, 2009 WL 1384975 (N.D. Cal. Feb. 4, 2009)...................................15

*Lewis v. Wells Fargo Co.*,
669 F.Supp.2d 1124 (N.D. Cal. 2009) ......................................................................2, 12

*Marshall v. Amsted Indus., Inc.*,
No. 10-cv-0011-MJR-CJP, 2010 WL 2404340 (S.D. Ill. June 16, 2010) ....................11

*Martin v. Priba Corp.*,
No. 3:91-CV-2786-G, 1992 WL 486911 (N.D. Tex. 1992) ...........................................6

*Martin v. Sprint/united Mgmt. Co.*,
No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016)..............................13

*Mason v. Fantasy, LLC*,
No. 13-CV-02020-RM-KLM, 2015 WL 4512327 (D. Colo. July 27, 2015) ................6

*McFeeley v. Jackson St. Ent., LLC*,
47 F. Supp. 3d 260, 279 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016) ...............6

*Morse v. Mer Corp.*,
2010 WL 2346334 (S.D. Ind. 2010) ................................................................................6

*Morton v. Valley Farm Transport, Inc.*,
    No. C 06-2933 SI, 2007 WL 1113999 (N.D. Cal. Apr. 13, 2007)...................................8

*Ortega v. Spearmint Rhino Companies Worldwide, Inc.*,
    No. 17-cv-206-JGB, 2019 WL 2871156 (C.D. Cal. May 15, 2019) .............................8

*Otey v. CrowdFlower, Inc.*,
    No. 12-cv-05524-JST, 2013 WL 4552493 (N.D. Cal. Aug. 27, 2013).........................13

*Partlow v. Jewish Orphans' Home, Inc.*,
    645 F.2d 757 (9th Cir. 1981) ....................................................................................14

*Pizzarelli v. Cadillac Lounge, LLC*,
    2018 WL 2971114 (D. R.I. Apr. 13, 2018)..................................................................6

*Reich v. Circle C. Investments, Inc.*,
    998 F.2d 324, 330 (5th Cir. 1993) .............................................................................6

*Espizona v. Galardi South Enterprises.*,
    2018 WL 1729757 (S.D. Fl. April 10, 2018)................................................................6

*Ribot v. Farmers Insurance Group*,
    No. CV 11-02404 DDP (FMOx), 2013 WL 3778784 (C.D. Cal. July 17, 2013)..........14

*Ruffin v. Entm't of the E. Panhandle*,
    No. 3:11-CV-19, 2012 WL 761659 (N.D.W. Va. Mar. 7, 2012)....................................9

*Saunders v. Getchell Agency*,
    No. 1:13-cv-00244-JAW, 2014 WL 580153 (D. Me. Feb. 12, 2014) ..........................11

*Schofield v. Gold Club Tampa, Inc.*,
    2021 WL 533540 (M.D. Fl. Feb. 2, 2021)....................................................................5

*Stanfield v. First NLC Financial Serv., LLC*,
    No. C 06-3892 SBA, 2006 WL 3190527 (N.D. Cal. Nov. 1, 2006)...............................8

*Stansky v. HealthONE of Denver, Inc.*,
    868 F.Supp.2d 1178 (D. Colo. 2012)..........................................................................14

*Stevenson v. Great Am. Dream, Inc.*,
    No. 1:12-CV-3359-TWT, 2013 WL 4217128 (N.D. Ga. Aug. 14, 2013) ......................8

*Stickle v. SCIWestern Mkt. Support Ctr., L.P.*,
    No. CV 08-083-PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) ................14

*Stoll v. Runyon*,
    165 F.3d 1238 (9th Cir. 1999) .......................................................................... 14

*Syed v. M-I, L.L.C.,*
    No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966 (E.D. Cal. Nov. 26, 2014) ............ 13

*Thornton v. Crazy Horse*, *Inc.*,
    2012 WL 2175753 (D. Alaska June 14, 2012) ............................................................ 6

*Vasto v. Credico (USA) LLC*,
    No. 15 Civ. 9298 (PAE), 2016 WL 2658172 (S.D.N.Y. May 5, 2016) ........................ 12

*Vaughn v. Paradise Entm't Group, Inc.*,
    No. 14-CV-00914-SCJ, Dkt. 190, (N.D. Ga. Mar. 15, 2016) .......................................... 5

*Verma v. 3001 Castor, Inc.*,
    937 F.3d 221 (3d. Cir. 2019) ........................................................................................ 6

*Verma v. 3001 Castor*, *Inc.*,
    No. 13-3034, 2014 WL 2957453 (E.D. Pa. June 30, 2014) .......................................... 6

*Villa v. United Site Services of California, Inc*.,
    No. 5:12-cv-00318, 2012 WL 5503550 (N.D. Cal. Nov. 13, 2012) ................................ 2

*Wilson v. Maxim Healthcare Servs., Inc.*,
    No. C14-789 RSL, 2014 WL 7340480 (W.D. Wash. Dec. 22, 2014) .......................... 10

**Statutes**

29 U.S.C. § 203 ........................................................................................................ 3

29 U.S.C. § 206 ........................................................................................................ 3

29 U.S.C. § 207 ........................................................................................................ 3

29 U.S.C. § 216(b) ............................................................................................. passim

29 U.S.C. § 255(a) .................................................................................................. 11

29 U.S.C. § 256 ...................................................................................................... 12

29 U.S.C. §§ 201, *et seq*. ......................................................................................... 1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 10, 12

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

– vii –

## COMPLIANCE WITH LOCAL RULE 7-1

Pursuant to Local Rule 7-1, counsel for Plaintiff Hannah Thornton ("Plaintiff") certify that the parties, through their counsel, met and conferred telephonically on June 28, 2022. During the phone conference, Plaintiffs' counsel expressed their intention to file the present Motion. Defendants' counsel stated that they would oppose Plaintiffs 'Motion.

## MOTION

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 216(b), Plaintiff will and hereby does move this Court for an order conditionally certifying this matter as a collective action and allowing notice of this action to be sent to dancers who have performed at the Defendants' club, The Nile, within the past three years. Plaintiff also requests that the Court toll the statute of limitations for putative collective plaintiffs during the notice period.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the pleadings, and all other papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs worked as exotic dancers at The Nile, an adult entertainment venue in Eugene, Oregon. The club is owned and operated by defendants Rafeal's Gourmet Diner, LLC dba The Nile ("The Nile") and Abdrabarrasool M. Buessa ("Buessa") (collectively, "Defendants" or "The Nile").

On March 9, 2022, Plaintiff Adaline Winningham[1] brought this action seeking to recover wages owed to them and other dancers who have been classified as independent contractors at The Nile under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq. See* Dkt. 1. Plaintiff Hannah Thornton opted into this action on August 22, 2022. (Dkt. 18) Plaintiff Thornton is now the lead Plaintiff in the action. Plaintiff contends that Defendants misclassified them and other

---

[1] On August 26, 2022, Plaintiffs Counsel was forced to file a Motion to Withdraw from Ms. Winningham's representation. *See* Dkt 19.  Therefore, this action proceeds with Plaintiff Hannah Thornton, who opted into this action on August 22, 2022. *See* Dkt. 18.

dancers as independent contractors when, in fact, the dancers are Defendants' employees under federal law. As a result of this misclassification, Plaintiff alleges that Defendants have violated the FLSA by failing to pay dancers any wages, requiring dancers to pay kickback fees in order to work, and forcing dancers to "tip out" to ineligible employees and back to the club as well.

As is typical at the outset of a case brought under the FLSA, Plaintiff now moves this Court for an order allowing notice of this action to be sent to other similarly situated dancers to inform them of their right to opt-in to this case under 29 U.S.C. § 216(b) of the FLSA. Plaintiff seeks conditional certification in a case with one job position, at a single business location, with the same job duties, working under the same management, and subject to the same unlawful policies of misclassification and absconding of tips.

The "lenient" evidentiary burden required for issuance of notice under 29 U.S.C. § 216(b) requires a plaintiff to make only a minimal showing that similarly situated individuals exist who should be informed of the lawsuit. *See*, *e.g.*, *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010) ("The standard for certification at this stage is a lenient one that typically results in certification"); *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014) ("…at the first stage…Plaintiffs' burden is light.").

As described in detail below, Plaintiff easily satisfy this lenient standard because Defendants have classified dancers at The Nile as independent contractors, and courts have routinely granted conditional certification and authorized the issuance of notice pursuant to 29 U.S.C. § 216(b) in nearly identical cases involving exotic dancers who challenging their classification as independent contractors. *See* § V.A., *infra*.

Furthermore, the conditional certification standard for the issuance of notice is far more lenient than the standard for obtaining class certification under Federal Rule of Civil Procedure 23. *See* *Lewis v. Wells Fargo Co.*, 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009) ("The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23"); *see also* *Villa v. United Site Services of California, Inc.*, No. 5:12-cv-00318, 2012 WL 5503550, at *14 (N.D. Cal. Nov. 13, 2012) ("[A] collective action does not

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

– 2 –

require a showing that common claims predominate"); *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294, 305 (N.D. Cal. 1991).

Defendants made operational decisions at The Nile including applying pay policies equally to all dancers. Plaintiff and other dancers at The Nile are similar in every way except hours worked and wages actually due, facts which are irrelevant to this inquiry. Moreover, Plaintiff submit evidence that the employment misclassification issue can be resolved with common proof: evidence of Defendants' employment policies giving rise to these allegations that are substantially standard to all the dancers at The Nile. Pursuant to these policies, and as described in more detail below, Defendants exercise significant and uniform control over the way in which dancers perform at the club. In addition, Defendants' pay practices, which Plaintiff contends violates the FLSA, are substantially standard to all dancers. These facts, which Plaintiff expects will be further supported and expanded upon in discovery, satisfy the lenient standard for the Court to authorize the issuance of notice under 29 U.S.C. § 216(b).

For these reasons, and those discussed below, the Court should grant Plaintiff's motion.

## II.    RELEVANT FACTS AND ALLEGATIONS

The Nile is the trade name of defendant Rafeal's Gourmet Diner, LLC. It is owned and managed by Abdrabarrasool M. Buessa.

Plaintiff Thornton was employed by Defendants at varying times from November 2021 to February 2022. Plaintiff's causes of action arise from Defendants' willful actions while employed by Defendants, including Plaintiff being denied minimum wage payments as part of Defendants' scheme to classify Plaintiff and other dancers/entertainers as "independent contractors." Additionally, Defendants illegally absconded with Plaintiff's tips and demanded illegal kickbacks including in the form of house fees or "stage fees." Plaintiffs' Complaint for Damages includes the following causes of action: (1) Failure to Pay Minimum Wages, 29 U.S.C. § 206; (2) Illegal Kickbacks, 29 C.F.R. § 531.35; (3) Unlawful Taking of Tips, 29 U.S.C. § 203; and (4) Forced Tip Sharing, 29 C.F.R. § 531.35. *See* Dkt. 1.

///

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)**

– 3 –

A.      **Similarly Situated Collective Members Exist through Defendants' Control of Dancers, Common Scheme of Misclassifying Dancers as Independent Contractors, and Defendants' Wage and Tip Policies**

The exotic dancers who worked at The Nile, including Plaintiff, are similarly situated. All exotic dancers were subject to the same pay policies of Defendants. Defendants failed to pay the dancers minimum wages for all hours worked in violation of the FLSA. *See* Declaration Hannah Thornton ("Thornton Decl.") at ¶¶ 4, 6. Additionally, all dancers were forced to pay Defendants house fees simply to show up to work. Yes, dancers had to pay Defendants to work at The Nile. *See* Thornton Decl. at ¶ 5.

Defendants engaged in the common practice of treating Plaintiff and all other exotic dancers at The Nile as independent contractors, depriving them of hourly wages, and mandating a forced tipping policy. Defendants dictated to Plaintiffs and all other exotic dancers at The Nile how dancers performed their work, including setting tip policies and house fee policies, and reserving final say over when and how dancers performed. Defendants charged all exotic dancers a house fee for the ability to work a shift. Defendants also set the prices for standard lap dances at $20 for each song and retained approximately $10 for every lap dance dancers/entertainers performed. Defendants also set the prices charged to customers for private room dances. Defendants retained a portion the money dancers received from customers for performing private room dancers. Dancers were expected to tip out other employees including DJs, bouncers, and bar staff. Management expected all dancers/entertainers to tip out other employees. *See* Thornton Decl. at ¶¶ 6-12.

Defendants also exercised significant control over how Plaintiffs and all other dancers performed. Dancers/entertainer were required to work on a schedule set and managed by Defendants. Defendants required dancers to work a certain number of weekdays in order to be allowed to work at The Nile on weekends. The Nile offered stage dances to its customers and all dancers were required to perform stage dances as part of their work at the club. Dancers were required to complete their entire shift for any particular day they were scheduled to work. If they

did not complete the shift, they were subject to discipline. Dancers were required to ask a manager for permission to leave early during a shift. *See* Thornton Decl. at ¶¶ 16-18

Defendants exercised control over whether dancers were allowed to dance at The Nile, refusing to let a dancer work a shift for any reason. *See* Thornton Decl. at ¶ 18.

III.    **DISTRICT AND CIRCUIT COURTS HAVE ROUTINELY HELD THAT EXOTIC DANCE CLUBS' SIMILAR ECONOMIC SCHEMES VIOLATE THE FLSA**

Plaintiffs' claims are centered on their misclassification as independent contractors. Time and time again, district courts and circuit courts have ruled in near unanimity, exotic dancers are employees. They are not independent contractors. *See, e.g., Johnson v. Houston KP, LLC d/b/a Polekatz Houston,* ---F.Supp.3d ----, 2022 WL 605802 (S.D. Tex. March 1, 2022); *Heath v. TFS Dining, LLC,* 2022 WL 827654 (W.D. Tex. March 18, 2022) (report affirmed by Judge Pitman); *Schofield v. Gold Club Tampa, Inc.,* 2021 WL 533540 (M.D. Fl. Feb. 2, 2021) (granting partial summary judgment on issue of classification); *Gilbo v. Agment, LLC,* 2020 WL 759548, Case No. 19cv0767 (N.D. Ohio Feb. 14, 2020) (summary judgment for plaintiffs) (upheld by Sixth Circuit in *Gilbo v. Agment, LLC,* 831 Fed.Appx. 772 (6th Cir. 2020); *Lester v. Agment, LLC,* 2016 WL 1588654, case no. 15cv886 (N.D. Ohio, April 20, 2016) (granting summary judgment for plaintiffs under FLSA and Ohio law); *Hurst v. Youngelson,* 354 F.Supp.3d 1362 (N.D. GA 2019) – (summary judge for dancers, individual owners are employers, fees from customers were tips, not service charge); *Harrell v. Diamond A Entm't, Inc.,* 992 F.Supp. 1343, 1348 (M.D. Fla. 1997) (There is no debate, as a matter of law, that exotic dancers such as the putative class members in this matter are "employees" under the FLSA); *Clincy v. Galardi South Enter., Inc.,* 808 F.Supp.2d 1326, 1346 (N.D. Ga. 2011) (summary judgment); *Stevenson v. Great American Dream, Inc.,* No. 1:12-CV-3359-TWT, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013) (same); *Berry v. Great American Dream, Inc.,* No. 1:13-CV-3297-TWT, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014) (club collaterally estopped from re-litigating issue that entertainers are independent contractors rather than employees); *Vaughn v. Paradise Entm't Group, Inc.,* No. 14-CV-00914-SCJ, Dkt. 190, (N.D. Ga. Mar. 15, 2016) (summary judgment for plaintiff); *Dean v. 1715 Northside Drive, Inc.,*

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)**

**– 5 –**

No. 1:14-CV-03775-CAP, Dkt. 102 (N.D. Ga. Jan. 14, 2017) (same); *McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 279 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016) ("Considering all six factors together, particularly the defendants' high degree of control over the dancers, the totality of circumstances speak clearly to an employer-employee relationship."); *Pizzarelli v. Cadillac Lounge, LLC*, 2018 WL 2971114 (D. R.I. Apr. 13, 2018) (granting summary judgment for plaintiffs under FLSA and Rhode Island law); *Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *13 (D. Colo. July 27, 2015); *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014) (*aff'd by the Third Circuit in Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3d. Cir. 2019): *Levi v. Gulliver's Tavern, Incorporated*, No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) (granting dancer plaintiff's partial summary judgment that they are employees under the FLSA); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F.Supp.2d 901, 912-913 (S.D.N.Y. 2013) (granting summary judgment for plaintiffs under FLSA and New York law); *Collins v. Barney's Barn, Inc., et al.*, 2013 WL 11457080 (E.D. Ark. Nov. 14, 2013) (granting summary judgment for plaintiffs under FLSA); *Butler v. PP & G, Inc.*, 2013 WL 5964476, at *9 (D. Md. Nov. 7, 2013) *reconsideration denied*, 2014 WL 199001 (D. Md. Jan. 16, 2014) (same); *Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 (D. Alaska June 14, 2012); *Thompson v. Linda and A. Inc.*, 779 F.Supp.2d 139, 151 (D.D.C. 2011) (granting judgment for plaintiffs under FLSA and District of Columbia law); *Morse v. Mer Corp.*, 2010 WL 2346334, at *6 (S.D. Ind. 2010); *Foster v. Gold & Silver Priv. Club, Inc.*, 2015 WL 8489998, at *5 (W.D. Va. Dec. 9, 2015) (noting that courts have consistently found exotic dancers to be employees under the FLSA despite the commonly transient nature of the industry); *Martin v. Priba Corp.*, No. 3:91-CV-2786-G, 1992 WL 486911, at *5 (N.D. Tex. 1992) (denies employer's summary judgment and grants, *sua sponte*, partial summary judgment for plaintiff); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993); *Espizona v. Galardi South Enterprises.*, 2018 WL 1729757) (S.D. Fl. April 10, 2018) (Dancers are Employees on Cross Motions for Summary Judgment); *Gardner v. Country Club, Inc.*, 2015 WL 7783556, at *12 (D.S.C. June 3, 2016) (granting partial summary judgment for plaintiffs under FLSA); *Kimbrel v. DEA Corp.* ,

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)**

**– 6 –**

2016 WL 7799340 (E.D. Tenn. August 2, 2016) (granting partial summary judgment for plaintiffs under FLSA).

## IV.  LEGAL STANDARD

The FLSA allows workers to bring an action either on an individual basis or on a collective basis for "other employees similarly situated." 29 U.S.C. § 216(b). Here, Plaintiff seeks to bring this case on behalf of all dancers who have worked at the same club, The Nile, and have been misclassified as independent contractors under the same policies.

However, similarly situated individuals may not be a party to a collective action under the FLSA unless they affirmatively opt into the case. *Id.* To provide those individuals with an opportunity to opt in, "[t]he court may authorize the named FLSA plaintiff to send notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). Notice is intended to issue early in the life of a collective action in order to establish the contours of the action and to further the broad remedial purpose of the FLSA. *See Hoffman-LaRoche*, 493 U.S. at 171 (discussing importance of early notice in collective actions in order to "ascertain [] the contours of the action at the outset").

Courts in this Circuit have adopted a two-step approach in determining whether plaintiffs are similarly situated for purposes of collective certification Section 216(b). *See Kesley*, 67 F. Supp. 3d at 1065. "[T]he court must first decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Leuthold v. Destination Am., Inc*., 224 F.R.D. 462, 467 (N.D. Cal. 2004). The usual result under this lenient standard is conditional certification and the issuance of notice. *Adams*, 242 F.R.D. at 536. "In the second step, the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried and the court may determine whether to 'decertify the class and dismiss opt-in plaintiffs without prejudice.'" *Id.* (quoting *Leuthold*, 224 F.R.D. at 467; *see also Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. 17-cv-206-JGB, 2019 WL 2871156 (C.D. Cal. May 15, 2019) (ordering notice in dancer case).

## V.    ARGUMENT

### A.    Plaintiffs Have Made Their Required Modest Factual Showing That Similarly Situated Collective Members Exist

At this early stage, "Plaintiffs need not conclusively establish that collective resolution is proper, because a defendant will be free to revisit this issue at the close of discovery." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135, at *5 (N.D. Cal. Feb. 13, 2014). Rather, "[a]ll that need be shown [in the first stage is] that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Id.* (internal quotation omitted); *see also Morton v. Valley Farm Transport, Inc.*, No. C 06-2933 SI, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007) (describing burden as "not heavy" and requiring only a "reasonable basis for their claim of class-wide" conduct) (internal quotation marks and citation omitted); *Stanfield v. First NLC Financial Serv., LLC*, No. C 06-3892 SBA, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006) (holding that the plaintiffs simply "must be generally comparable to those they seek to represent").

Numerous courts have conditionally certified collective actions involving exotic dancers who, like Plaintiffs, allege they have been misclassified as independent contractors. *See, e.g., Degidio v. Crazy Horse Saloon & Rest., Inc.*, No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *19 (D.S.C. Sept. 30, 2015) (collecting cases and "not[ing] that the vast majority of district courts in similar cases involving exotic dancers have granted conditional class certification"); *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1075 (D. Ariz. 2014) (granting conditional certification of a class of exotic dancers); *Verma*, 2014 WL 2957453, at *1 (same); *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *1 (N.D. Ga. Aug. 14, 2013) (same); *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012) (same), report and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan.23, 2013); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 761659, at *1-5 (N.D.W. Va. Mar. 7, 2012) (same); *In re Penthouse Executive Club Comp. Litig.*, No. 10 Civ. 1145(NRB), 2010 WL

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

– 8 –

4340255 (S.D.N.Y. Oct. 27, 2010) (same); *D'Antuono v. C & G of Groton, Inc.*, No. 3:11cv33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011) (same); *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256354 (W.D. La. Nov. 24, 2010) report and recommendation adopted, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) (same); *see also* Declaration of John P. Kristensen ("Kristensen Decl.") at ¶ 4, Exhibit ("Ex.") 3, *Aguiar v. M.J. Peter & Associates, Inc., et al.*, 20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020); Kristensen Dec. at ¶ 5, Ex. 4, *Shakeena Rice v. Mr. T's, Inc., et al.*, 3:20-cv-8695-TKW-EMT (N.D. Fla. Jan. 22, 2021); Kristensen Dec. at ¶ 6, Ex. 5, *Gabriela Rosario v. 11343 Penrose Inc., et al.*, 2:20-cv-4715-SB-RAO (C.D. Cal. Oct. 26, 2020); Kristensen Dec. at ¶ 7, Ex. 6, *Harris v. 68-444 Perez, Inc., et al.*, 19-2184 JGB (SPx) (E.D. Cal. Apr. 23, 2020); Kristensen Dec. at ¶ 8, Ex. 7, *Angelica Mora v. Stars Planet, Inc., et al.*, CV 20-414-JFW(JCx) (C.D. Cal. May 29, 2020); Kristensen Dec. at ¶ 9, Ex. 8, *Truehart, et al. v. Dartmouth Clubs, Inc., et al.*, 1:20-cv-10374-DJC (D. Mass. Oct. 21, 2020).

As in the cases cited above, Plaintiffs have submitted evidence showing that Defendants' dancers were misclassified as independent contractors are subject to Defendants' control over the dancers' performances, dancers' schedules, reservation of the right to terminate dancers at will, and other factors. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal.4th 522, 531 (2014) ("Perhaps the strongest evidence of the right to control is whether the hirer can discharge the worker without cause, because the power of the principal to terminate the services of the agent gives him the means of controlling the agent's activities.") (internal quotations omitted). Plaintiff Hannah Thornton has submitted a sworn declaration demonstrating that dancers at The Nile were subject to the same work rules and pay policies within the relevant period. This is sufficient for Plaintiffs to satisfy their burden at this early stage.

**B.    The Court Should Reject Arguments Regarding the Need for "Individualized Inquiries" as Premature at This Stage and, in Any Event, Incorrect**

Defendants often offer a litany of arguments in an effort to complicate the lenient standard for conditional certification, which are routinely and rightly rejected as misplaced or premature. For example, employers facing conditional certification of misclassification claims have argued

that "the determination of whether an individual is properly classified as an independent contractor is an inherently fact-specific inquiry that is not prone to group adjudication." *Labrie v. UPS Supply Chain Sols.*, Inc., No. C08-3182 PJH, 2009 WL 723599, at *6 (N.D. Cal. Mar. 18, 2009). However, courts have rightly rejected this contention. *Id*.; *see also Carter v. XPO Last Mile, Inc*, No. 16-CV-01231-WHO, 2016 WL 5680464, at *5 (N.D. Cal. Oct. 3, 2016) (noting that the court is "not persuaded by the analyses of courts that reject conditional FLSA certification in independent contractor misclassification cases solely because the independent contractor analysis is fact intensive and because there are alleged differences between class members (e.g., hours worked, investments made). If that were the test, no independent contractor misclassification case could be certified under FLSA"); *Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-789 RSL, 2014 WL 7340480, at *8 (W.D. Wash. Dec. 22, 2014) (noting that the "Court finds defendant's argument concerning individualized inquiries unpersuasive at this [first] stage").

Indeed, in *Labrie*, the Court noted that this argument raises issues primarily going to the merits, which are more appropriately addressed at a later stage in the litigation and that where "[p]laintiffs have made substantial allegations that potential plaintiffs were subject to a single illegal policy, plan or decision" of misclassification, their burden has been met. *Labrie*, 2009 WL 723599, at *4; *see also Harris*, 716 F. Supp. 2d at 841 ("To the extent there may be some individualized inquiries about the level of control actually exercised . . . several courts have indicated that individualized inquiries such as this are better to address at the second stage of certification rather than the first"); *Flores*, 2013 WL 2468362, at *1 (rejecting defendant's "argument, that the misclassification of workers as independent contractors involves a fact-intensive inquiry that does not lend itself to collective treatment," because "[t]he need for such an inquiry has not prevented courts, . . . from routinely certifying FLSA cases based on allegations and affidavits similar to those presented here"); *Benedict*, 2014 WL 587135, at *11 (disregarding defendant's argument that "the inquiry whether each putative class member is misclassified as exempt will be dominated by individualized factual inquiries, . . . which courts in this Circuit have consistently rejected in misclassification cases"); *Zaborowski*, 2013 WL 1787154, at *3 (rejecting

defendant's argument that there are disputes regarding the level of defendant's "control over the [plaintiffs]" and "[that] the different locations, types of clients, and types of assignments [] varied amongst the [plaintiffs]" where all the plaintiffs "have the same job title; perform substantially similar activities; are governed by the same [] Agreement, . . . and, most importantly, are all considered exempt employees that MHN does not pay for overtime").[2]

Accordingly, the Court should reject any attempts by Defendants to improperly complicate matters at the conditional certification stage. Moreover, Plaintiffs have, even at this early stage, submitted evidence showing that "individual inquiries" will *not* be necessary to resolve this case. In any event, **the conditional certification standard for the issuance of notice is far more lenient than the standard for obtaining class certification under Federal Rule of Civil Procedure 23**. Congress made this clear. Plaintiffs need not prove that common questions will predominate, that a class is superior, or that the representative Plaintiffs' claims are typical. *See Gerlach v. Wells Fargo & Co*., No. C 05-0585 CW, 2006 WL 824652, at *3 (N.D. Cal. Mar.28, 2006)* ("Congress chose not to apply the Rule 23 standards to collective actions under the ADEA and FLSA, and "instead adopted the 'similarly situated' standard. To now interpret this 'similarly situated' standard by simply incorporating the requirements of Rule 23 . . . would effectively ignore Congress' directive.") (internal quotations omitted).[3]

---

[2]   Plaintiffs are not required, at this stage, to make a conclusive showing that the dancers are in fact employees of Defendants. *See Curless v. Great Am. Real Food Fast*, 280 F.R.D. 429, 433 (S.D. Ill. Jan. 18, 2012)* ("at this stage, the Court does not resolve factual disputes, decide substantive issues going to the merits or make credibility determinations.'") (internal citation omitted); *Marshall v. Amsted Indus., Inc*., No. 10-cv-0011-MJR-CJP, 2010 WL 2404340, at *3 (S.D. Ill. June 16, 2010)* ("Conditional certification does not entail the district court adjudicating the merits of plaintiffs' claims. It is simply a finding that the claims are similarly situated enough to proceed as a collective action."); *see also Saunders v. Getchell Agency*, No. 1:13-cv-00244-JAW, 2014 WL 580153, at *7 (D. Me. Feb. 12, 2014) (quoting *Albanil v. Coast 2 Coast, Inc.*, No. 5-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008)) ("Based on the current record, without having provided the Plaintiffs and opt-in plaintiffs a chance for discovery, 'a conclusive determination that the exemption applies, or does not, would be premature.'").

[3]   *See also Lewis*, 669 F.Supp.2d at 1127; *Villa*, 2012 WL 5503550 at *14; *Church*, 137 F.R.D. at 305.

### C.    The Court Should Approve Plaintiffs' Proposed Notice and Notice Process

In light of the relevant case law and evidence submitted, the Court should order the notice to be mailed, emailed, and texted to all the dancers at The Nile who have been classified as non-employees, giving them a meaningful opportunity to understand their rights and to join this litigation if they chose. *Nash*, 683 F.Supp.2d at 200. Additionally, the Court should order the notice be posted in a public location near the public entrance of The Nile as well as in the dressing rooms (at least 3 by 5 feet, in bright colors at a location agreed to by counsel). Plaintiffs request that the Court authorize their counsel to send the proposed notice and consent form attached to the Declaration of John P. Kristensen as *Exhibits 1* and *2*. This proposed notice is "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172. This proposed notice is similar in form and content to notices that have been routinely approved in FLSA cases. The form and content of 29 U.S.C. § 216(b) notice should maximize participation. The following is a brief discussion of the sufficiency of the proposed notice and related issues:

- The time period is appropriate. Because this case alleges a "willful" violation of the FLSA, *see* Complaint [Dkt. 1], the applicable statute of limitations is three years. 29 U.S.C. § 255(a); *see, e.g., Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (allegations of willfulness adequate to support three-year time period);

- Defendants should be ordered to produce a list of the dancers to Plaintiffs' counsel, within ten (10) days of an Order, who have worked at The Nile, including their names and last-known mailing addresses, telephone numbers (including cellular/mobile phone numbers), email addresses, work locations, copies of driver's license (this is common to prove age) and dates they have worked at The Nile. *See Adams*, 242 F.R.D. at 539; *Deatrick v. Securitas Sec. Servs. USA, Inc.*, No. 13-cv-05016-JST, 2014 WL 878203, at *5 (N.D. Cal. Oct. 20, 2014); *Hoffmann–LaRoche*, 493 U.S. at 170; *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12 Civ. 7795(RWS), 2013 WL 5303766, at *5 (S.D.N.Y. Sep. 20, 2013);

- Issuing notice via email and text message, as well as U.S. mail, for the dancers for whom that contact information is available, is also appropriate here. *See Syed v. M-I, L.L.C.*, No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014); *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016);

- Text messages should include the following statement: "Federal Court Approved Text Message for Potential Claim Against The Nile";

- Defendants should also be required to post the notice online on their social media accounts and in the dressing rooms at Club and adjacent to the entrance door for any dancer;

- The Court should set a notice period of at least 90 days because of the large potential size of the collective and because of the high turnover among dancers. *See, e.g., Otey*, 2013 WL 4552493, at *5 (finding "that the 90–day opt-in period is reasonable given the size of the collective"); *Carrillo v. Schneider Logistics, Inc.*, No. CV 11-8557 CAS (DTBx), 2012 WL 556309, at *15 (C. D. Cal. Jan. 31, 2012); and

- The Court should also authorize Plaintiffs to mail, email, and text a reminder to all individuals who have not yet opted-in to this matter within 30 days of the first notice mailing. As people often disregard collective action notices, courts regularly authorize reminder notices to increase the chance that workers will be informed of their rights. Plaintiffs will bear the cost of the mailing and reminder mailing, and it will not change the end of the notice period.

### D.     The Statute of Limitations Must Be Tolled During the Notice Period

Unlike Fed. R. Civ. P. 23 class actions, the two-year statute of limitations (extended to three years on a finding of willfulness) under the FLSA is not tolled for putative collective members upon the filing of the complaint. *Johnson v. Serenity Transportation*, No. 15-cv-02004-JSC, 2016 WL 1569984, at *4 (N.D. Cal. Apr. 19, 2016); 29 U.S.C. § 256(b). Instead, it continues to run for each putative plaintiff until he or she files a consent form opting into the collective. 29 U.S.C. § 256. If the Court conditionally certifies this matter as a collective and authorizes the issuance of Notice, the Court should equitably toll the statute to limitations to allow for the collective members to submit their consents during the Notice period.

#### 1.     *The FLSA Allows for Equitable Tolling*

Equitable tolling is "read into every federal statute, including the FLSA." *Stansky v. HealthONE of Denver, Inc.*, 868 F.Supp.2d 1178, 1181-82 (D. Colo. 2012) (citing *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946)). "The FLSA statute of limitations is a procedural limitation that may be tolled when equity warrants." *Partlow v. Jewish Orphans' Home, Inc.*, 645 F.2d 757, 761 (9th Cir. 1981) (abrogated on other grounds by *Hoffman-La Roche*, 493 U.S. 165). "Equitable

PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

– 13 –

tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond the Plaintiffs' control make it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Equitable tolling is proper where the plaintiff is without fault and the "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant. *Partlow*, 645 F.2d at 760-761.

Courts in this Circuit regularly grant equitable tolling in FLSA cases when litigation circumstances prevent distribution of judicial notice. *See*, *e.g.*, *Ribot v. Farmers Insurance Group*, No. CV 11-02404 DDP (FMOx), 2013 WL 3778784, at *17 (C.D. Cal. July 17, 2013) (finding it "more equitable" to toll the statute of limitations prior to conditional certification to counter defendant's natural incentive to delay the proceedings); *Stickle v. SCIWestern Mkt. Support Ctr.*, *L.P.*, No. CV 08-083-PHX-MHM, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (tolling the FLSA statute of limitations because the Court did not rule on Plaintiffs' conditional certification motion while considering the defendants' motion to dismiss).*Castle v. Wells Fargo Fin., Inc.*, 2007 WL 1105118, at *2 (N.D. Cal. Apr. 10, 2007) ("[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice."); *Lew v. Countrywide Fin. Corp.*, No. C08-1993 SC, 2009 WL 1384975 (N.D. Cal. Feb. 4, 2009) (tolling FLSA statute of limitations during pre-notice stay).

### 2.     *Equitable Tolling Is Necessary to Advance the Interests of Justice and the Public Policy Underlying the FLSA*

Plaintiffs request that the Court grant equitable tolling because, without it, numerous potential collective members will lose their claims due to nothing more than the passage of time.

Many district courts in this circuit have equitably tolled the FLSA statute of limitations after entry of a stay order, while an appeal is pending, or because of lengthy delays in motions for conditional certification. In *Castle*, for example, the court stayed an FLSA action pending the California Supreme Court's determination of the enforceability of arbitration agreements to "eliminate any prejudice suffered by collective class members as a result of the stay of this

litigation." *Castle*, 2007 WL 1105118, at *2. Similarly, in *Lew,* the Court equitably tolled the FLSA statute of limitations staying the case, holding that the "Court will not penalize the plaintiff or other members of the putative classes for its own docket-management determinations . . ." *Lew,* 2009 WL 1384975, at *3. The Court reached the same conclusion in *Coppernoll v. Hamcor,Inc.,* No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017), holding that a stay pending appellate review of a different case warranted equitable tolling. *Id.* at *4. And just recently, in *Hughes v. S.A.W. Entm't, Ltd.*, No. 16-cv-03371-LB, 2019 WL 3979592 (N.D. Cal. Aug. 23, 2019), the court equitably tolled the FLSA statute of limitations where it "effective[ly] stayed . . . Plaintiffs' motion for conditional certification here in lieu of *Roe* for case-management purposes . . . ." *Id.* at *3.

    **3.**     ***The Court Should Equitably Toll the Statute of Limitations from the Date This Matter Is Conditionally Certified to the Time the Notice Period Ends***

       Legal claims should be resolved on their merits—especially claims that implicate important public policies, like the FLSA claims in this case. To effectuate the intent and remedial purpose of the FLSA to allow for employees to adjudicate their claims against employers who fail to pay their employees, this Court must toll the statute of limitations. Otherwise, many collective members' claims will be barred by the passage of time and Defendants' willful failure to correctly classify their employees. Plaintiffs therefore respectfully request that the Court toll the statute of limitations from the time this matter is conditionally certified to the end of the Notice period.

**VI.**   **C**ONCLUSION

       For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order conditionally certifying this matter for notice pursuant to 29 U.S.C. § 216(b) of the FLSA, that notice as described above be conducted, and that the statute of limitations be tolled for opt-in plaintiffs during the notice period.

---

Dated: September 9, 2022

Respectfully submitted,

<u>/s/ *John P. Kristensen*</u>
John P. Kristensen (*Pro Hac Vice*)
California Bar No. 224132
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Blvd.
Beverly Hills, California 90211
Telephone: (310) 273-1230
*kristensen@cz.law*

S. Amanda Marshall
OSB No. 953473
**S. AMANDA MARSHALL, LLC**
1318 NW Northrup Street
Portland, Oregon 97209
Phone: (503) 472-7190
*amanda@maclaw.law*

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on Thursday, September 15, 2022, a true and correct copy of the **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b); DECLARATION OF JOHN P. KRISTENSEN; DECLARATION OF HANNAH THORNTON; AND EXHIBITS 1-8** was served via CM/ECF on all participants of record, including the person(s) listed below, pursuant to Fed. R. Civ. P. 5.:

Anthony D. Kuchulis
Joseph Q. Ridgeway
**LITTLER MENDELSON, P.C.**
1300 SW 5th Avenue
Wells Fargo Tower – Ste 2050
Portland, Oregon 97201
Telephone: (503) 221-0309
Fax No.: (503) 242-2457
*jridgeway@littler.com*
*akuchulis@littler.com*

**Attorneys for Defendants**

*/s/ John P. Kristensen*
John P. Kristensen